UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CARNEY,<br><br>    Petitioner,<br><br>v.<br><br>SHAWN HATTON,<br><br>    Respondent. | Case No. 17-cv-04949-MEJ<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>Re: Dkt. No. 5 |

Petitioner, a state prisoner incarcerated at Correctional Training Facility in Soledad, California and proceeding *pro se*, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. On November 13, 2017, the Court found that the habeas petition stated the following two cognizable claims for federal habeas relief: (1) California's definition of second degree murder is unconstitutionally void for vagueness; and (2) that the following jury instructions, given at his trial, are also unconstitutionally void for vagueness: CALJIC 4.21.1, CALJIC 8.31, CALCRIM 403, CALCRIM 416, and CALCRIM 417; and issued an order to show cause. Dkt. No. 4.

Petitioner has requested that the Court appoint him counsel, alleging that the issues raised are substantial and affect thousands, and that the state court denial of his habeas petition demonstrates "due process denial regarding remedy." Dkt. No. 5. Petitioner's request is DENIED for the following reasons. The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). Section 3006A(a)(2)(B) of the United States Code, title 18, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th

Cir. 1986); *Knaubert*, 791 F.2d at 728; *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which petitioner is in no position to investigate crucial facts; and (6) factually complex cases. *See generally* 1 J. Liebman & R. Hertz, *Federal Habeas Corpus Practice and Procedure* § 12.3b at 383-86 (2d ed. 1994). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See Chaney*, 801 F.2d at 1196; *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir. 1965). Here, Petitioner has thoroughly presented the issues in his petition and accompanying memorandum, and demonstrated a good understanding of the issues. The denial of a state habeas petition does not, without more, demonstrate that a due process violation would occur without appointment of counsel. Similarly, a vague allegation that the issues presented may affect other prisoners is insufficient to compel appointment of counsel. Petitioner's request for appointment of counsel is DENIED. *See*, *e.g.*, *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (no abuse of discretion where pleadings illustrate that petitioner had good understanding of issues and ability to present forcefully and coherently his contentions); *Bashor*, 730 F.2d at 1234 (although petitioner was over 60 years of age and had no background in law, he thoroughly presented issues in petition and accompanying memorandum).

This order terminates Dkt. No. 5.

**IT IS SO ORDERED.**

Dated: December 19, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge