UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CARNEY,<br>    Petitioner,<br>v.<br>SHAWN HATTON,<br>    Respondent. | Case No. 17-cv-04949-RS (PR)<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Petitioner believes a recent Supreme Court opinion, *Johnson*, created a new opportunity to file a federal habeas petition that would otherwise be untimely. No such opportunity was created, respondent contends, because *Johnson* did not constitute a new rule of constitutional law. Respondent is correct. Accordingly, respondent's motion to dismiss the habeas petition is GRANTED. The petition is DISMISSED.

## DISCUSSION

**A.     Standard of Review**

Federal habeas petitions must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing;

(C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1). This one-year clock under section 2244(d)(1)(A) starts ticking 90 days after direct state review is final. "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

**B.     Timeliness of the Petition**

In 2004, petitioner was convicted in state court of second degree murder and assault with the intent to commit oral copulation. A sentence of 76 years to life in state prison was imposed. His attempts to obtain relief on direct state review ended when the state supreme court denied his petition for review on November 30, 2005. Ninety days later (February 28, 2006) the one-year limitations period started. Petitioner then had one year, until March 1, 2007, to file a timely federal habeas petition.

Ten years later, in 2017, petitioner filed his first federal habeas petition, the instant action. Because it was filed after the March 1, 2007 deadline, it is clearly untimely under 28 U.S.C. § 2244(d)(1)(A).

Petitioner counters that *Johnson*, issued in 2015, created a new one-year deadline pursuant to 28 U.S.C. § 2244(d)(1)(C), *Johnson v. United States*, 135 S. Ct. 2551 (2015). The clock for this new limitation period did not start until 2016 when the Supreme Court announced that *Johnson* applied retroactively. *Welch v. United States*, 136 S. Ct. 1257 (2016). He alleges that his petition, which was filed within the limitations period created after *Welch* was issued, is timely.

Petitioner is incorrect. *Johnson* struck down the "residual clause" of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), a federal law, as unconstitutionally

vague.[1]  It did not address California law, create a new rule of federal constitutional law, or call into question the constitutional validity of the statutes under which petitioner was convicted.[2]  *Johnson* therefore does not qualify as a triggering event under 28 U.S.C. § 2244(d)(1)(C).  Other federal courts have come to the same conclusion.  *See, e.g., Arriaga v. Hatton*, No. 17-00248 BLF (N.D. Cal. Jan. 26, 2018) (*Johnson* applied the vagueness doctrine to a specific federal statute rather than a new rule of constitutional law that applies to any similar California statute and, therefore, petitioner was not entitled to a later filing deadline under AEDPA); *Tapia v. Hatton*, No. 16-cv-2624-MMA (BLM), 2017 WL 3118773, at *4 (S.D. Cal. July 21, 2017) (*Johnson* "does not represent the Supreme Court's recognition of a new rule of constitutional law applicable to California's second degree murder statute and Petitioner is not entitled to a later start date of the AEDPA statute of limitations"); *Dew v. Hatton*, No. 16-cv-1985-MMA (MDD), 2017 WL 3131713, at *3-4 (S.D. Cal. July 24, 2017) (because *Johnson* does not constitute a new rule of law applicable to petitioner, he is not entitled to a later AEDPA filing deadline); *Whigham v. Hatton*, No. 16-cv-06303-YGR (PR), 2017 WL 3382447, at *3-4 (N.D. Cal. Aug. 7, 2017) ("the *Johnson* decision is irrelevant here, because Petitioner's state prison sentence was neither enhanced under ACCA's 'residual clause' nor was his conviction based on any state analogue of that federal criminal statute"); *Lopez v. Gastelo*, No. 16-CV-00735-LAB (WVG), 2016 WL 8453921, at *4 (S.D. Cal. Dec. 5, 2016) (a later start date is not

---

[1] The ACCA increased certain sentences.  "Under the Act, a person who possesses a firearm after three or more convictions for a 'serious drug offense' or a 'violent felony' is subject to a minimum sentence of 15 years and a maximum sentence of life in prison. § 924(e)(1)."  *Welch*, 136 S. Ct. at 1261.  Subsection 924(e)(2)(B) was the "residual clause."  Its inclusion of "conduct that presents a serious potential risk of physical injury to another" under its definition of "violent felony" was found unconstitutionally vague.

[2] Petitioner relies on arguments raised in a law review article, a copy of which is appended to the petition.  *See* Evan Tsen Lee, *Why California's Second-Degree Felony-Murder Rule Is Now Void for Vagueness*, 43 Hastings Const. L.Q. 1 (2015).  Such reliance is unwarranted.  As its title makes clear, the article addressed the constitutionality of the state's second degree felony murder rule.  Petitioner was not convicted of such a crime, but rather of second degree murder.

ORDER OF DISMISSAL
CASE NO. 17-cv-04949-RS
3

permitted because *Johnson* "has absolutely no applicability to the California murder statute under which Petitioner was convicted and his reliance on *Johnson* is therefore misplaced").

### 1. Statutory Tolling

Relief from AEDPA's one-year deadline is available in the form of statutory tolling, if certain conditions are met. The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2).

Petitioner is not entitled to statutory tolling. First, his first state habeas petition was filed in 2017, well after the March 1, 2007 deadline. "Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Rashid v. Kuhlmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998). Second, to the extent petitioner relies on *Johnson*, there was no deadline to toll. *Johnson* was not a triggering event within the meaning of the statute that governs timeliness. 28 U.S.C. § 2244(d).

### 2. Equitable Tolling

Relief from the one-year deadline of AEDPA is available in the form of equitable tolling, if certain conditions are met. A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)). Equitable tolling is not granted as a matter of course. In fact, it is "unavailable in most cases." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999)). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Id.* (citation omitted).

Petitioner is not entitled to equitable tolling. His papers are bare of any support for such tolling. Also, to the extent he relies on *Johnson*, there was no filing deadline to toll. That case did not create a new filing opportunity.

**CONCLUSION**

For the reasons stated above, respondent's motion to dismiss the petition as untimely is GRANTED. (Dkt. No. 9) The petition is DISMISSED.

A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk shall terminate Dkt. No. 9, enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED.**

**Dated:** May 21, 2018

_____
RICHARD SEEBORG
United States District Judge